11-1972-cv
Folmsbee v. Metro-North Commuter R.R. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of September, two thousand twelve.

PRESENT:   REENA RAGGI,
                 DEBRA ANN LIVINGSTON,
                 RAYMOND J. LOHIER, JR.,
                          *Circuit Judges*.

------------------------------------------------------------------------
RONALD FOLMSBEE,
                          *Plaintiff-Appellee*,


                 v.                                        No.  11-1972-cv

METRO-NORTH COMMUTER RAILROAD COMPANY,
                          *Defendant-Appellant*.
------------------------------------------------------------------------

FOR APPELLANT:          William G. Ballaine, Brian Zurich, Landman Corsi Ballaine & Ford P.C., New York, New York.

FOR APPELLEE:           Steven L. Barkan, Esq., Lake Success, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (George A. Yanthis, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 12, 2011, is AFFIRMED.

Metro-North Commuter Railroad Co. ("Metro-North") appeals from a judgment entered after a jury trial at which the jury found Metro-North liable under the Federal Employers' Liability Act ("FELA"), see 45 U.S.C. §§ 51–60, for causing plaintiff Ronald Folmsbee to suffer permanent hearing loss as a result of years of employment with Metro-North. Metro-North argues that the district court abused its discretion in denying Metro-North's request to submit a question on the timeliness of Folmsbee's claim to the jury and, instead, resolving the issue as a matter of law after trial in favor of plaintiff. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

FELA actions must be "commenced within three years from the day the cause of action accrued," 45 U.S.C. § 56, which, for injuries "occur[ring] gradually, over long periods of time, due to ongoing exposure to harmful working conditions," Mix v. Del. & Hudson Ry. Co., 345 F.3d 82, 86 (2d Cir. 2003), happens "when the plaintiff in the exercise of reasonable diligence knows both the existence and the cause of his injury," id. (internal quotation marks omitted). Metro-North argues that application of the statute of limitations in this case depended on a factual determination as to when Folmsbee knew or reasonably should have known that he had suffered hearing loss because of his work for Metro-North. It contends

2

the district court therefore erred in denying Metro-North's request to submit a question on the issue to the jury.[1]

Rule 49(b)(1) permits a trial court to "submit to the jury forms for a general verdict, together with written questions on one or more issues of fact that the jury must decide," provided that the court gives the jury "instructions and explanations necessary to enable the jury to render a general verdict and answer the questions in writing." Fed. R. Civ. P. 49(b)(1). Assuming that Metro-North's interrogatory request was sufficient to preserve an objection to the district court's failure to charge the jury on the statute of limitations and to submit a related interrogatory, see Fed. R. Civ. P. 51; SCS Commc'ns, Inc. v. Herrick Co., 360 F.3d 329, 343 (2d Cir. 2004), the district court was required to take such action only if there was "some evidence supporting the theory behind the instruction" and interrogatory, Cameron v. City of New York, 598 F.3d 50, 69 (2d Cir. 2010) (internal quotation marks omitted). The only trial evidence indicating Folmsbee's awareness of his hearing loss outside the three-year limitations period was his 1990 statement to a Metro-North doctor that he thought he might be having difficulty with his hearing. That doctor gave Folmsbee a hearing test and told him that he had "passed." Metro-North does not argue that it was

---

[1] Although the parties and the district court referred to "special verdict" questions, it is apparent from the record as a whole that the questions were special interrogatories under Fed. R. Civ. P. 49(b). See Jarvis v. Ford Motor Co., 283 F.3d 33, 55–56 (2d Cir. 2002); id. at 71–72 (appendix containing "special verdict questions"); Lavoie v. Pac. Press & Shear Co., 975 F.2d 48, 54 (2d Cir. 1992). Thus, we review Metro-North's challenge to the omitted question pursuant to Fed. R. Civ. P. 49(b)(1).

3

unreasonable for Folmsbee to have relied on the medical judgment of Metro-North's own doctor.  Cf. Newman v. Warnaco Grp., Inc., 335 F.3d 187, 194 (2d Cir. 2003) (holding, in context of discovery accrual rule applicable to securities fraud claims, that warning signs of fraud did not place plaintiff on inquiry notice of injury where readily available information provided "seemingly benign explanation"); LC Capital Partners, LP v. Frontier Ins. Grp., Inc., 318 F.3d 148, 155 (2d Cir. 2003) (recognizing that investor is not under duty to inquire as to possibility of securities fraud where "warning signs are accompanied by reliable words of comfort").  While audiogram tests by Metro-North in 1996, 1999, 2002, and 2005 detected some hearing loss, Folmsbee testified that he was never informed of the results of those tests.  Metro-North offered no evidence to the contrary.  On this record, we identify no error in the district court's refusal to submit the limitations question to the jury, as there was no evidence from which the jury could have inferred that Folmsbee knew or reasonably should have known of his hearing loss and its cause more than three years before he filed suit.

We have considered Metro-North's remaining arguments on appeal and conclude that they are without merit.  Accordingly, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4